UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO:  08-60183-CR-ZLOCH

v.

MELANIE PREDERGAST,
_____/

### MOTION TO COMPEL EARLY DISCLOSURE OF EXPERTS AND EXPERT TESTIMONY

COMES NOW the Defendant, MELANIE PREDERGAST by and through the undersigned attorney and moves this Honorable Court for an Order compelling the Government to immediately disclose any and all potential expert witnesses to be proffered and presented by the United States Government in the trial of the instant matter.  There have been no experts disclosed by the Government to this point, but the Defense anticipates such witnesses will be called by the Government based upon the nature of the allegations made and the charges brought.

The defense must be aware of any other potential or possible expert witnesses and related expert testimony which may be proffered mid-trial by the Government in this case.

This request includes but is not limited to the following:

1.      The names, addresses and occupations of any proffered expert

witnesses;

2. The background field of expertise, training, experience and general predicate for a potential expert opinion testimony;

3. Prior courtroom experience, specifically whether or not witnesses have been previously designated as expert in a court proceeding and consequently whether or not any such witness has been allowed to give expert testimony;

4. The exact field of expertise for each witness;

5. A brief summary of the nature of the expert testimony to be proffered by the Government for each and every expert witness disclosed;

6. Copies of any written opinions, reports, analysis or related documents;

7. Copies of a list of predicate documents, reports, learned papers or treatises and other documents, writings, reports, etc. used as a basis for the proffered expert testimony.

Of course, the Court is also requested to order the Government, consistent with earlier discovery orders (and ongoing obligations of the Government) to disclose any negative aspects of the proffered expert or the tendered expert testimony i.e. the rejection of the witnesses as expert witnesses in earlier court proceedings, the withdrawal or change of earlier

expert testimony; any sanctions or actions taken against the witness regarding the witness's field of expertise i.e. disciplinary action, revocation of license, permit, qualifying documentation, etc.  This information would be required in any full and fair disclosure to the defense.

Similarly, the Government must be reminded of the Government's specific duties under Brady, and Giglio and as an example, the Government would be obliged to disclose such information which would tend to disqualify such expert or lessen the impact of such expert, including but not limited to the fact that the tendered expert opinion or testimony would be in contradiction to other recognized experts in the field, that the proffered testimony would be in minority position in the proffered field of expertise, that the expert opinion or testimony would be a novel and/or unique opinion in the field of expertise, etc.

Finally, this Court is requested to order the Government to disclose whether or not the expert or, more correctly the field of expertise tendered by the Government would be a field which is not readily acknowledged or acceptable in the scientific community, that is, whether the field of expertise is one which could be considered novel or in dispute (such as the field of polygraphy) – allowing the defense sufficient notice to put forth proper motions or objections.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-mail/electronic filing to AUSA Jennifer A. Keene at Jennifer.Keene@USDOJ.gov at the U.S. Attorney's Office, on this 19th day of August, 2008.

_s/ *Michael D. Gelety*_____
MICHAEL D. GELETY, ESQ.
1209 SE 3rd Avenue
Ft. Lauderdale, FL   33316
(954) 462-4600
(954) 462-0828 Fax
Florida Bar #215473
mgeletyattorney@bellsouth.net