IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.   08-60183-CR-ZLOCH

    Plaintiff,

vs.

MELANIE PREDERGAST,

    Defendant.

_____/

### MOTION TO DETERMINE EXISTENCE OF ANY SOURCE OF CONFIDENTIAL INFORMATION AND INCORPORATED MEMORANDUM OF LAW

    COMES NOW the Defendant, MELANIE PREDEGAST, by and through the undersigned attorney, and requests the government to disclose the existence of any confidential informant or confidential source of information utilized in this case.  In support of this request, the Defendant states:

    1.  By filing this Motion, the Defendant seeks only to determine whether any confidential source of information was used in this case.  The Defendant is not at this time requesting that the government be required to disclose the identity of any confidential source.  Until the Defendant is advised as to whether any information or evidence was obtained from a confidential source, neither counsel nor this court will be in a position to evaluate the need for disclosure of that source under rule of law announced in Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623 (1957).

    2.  The Fifth Circuit, in United States v. Diaz, 655 F.2d 580 (5th Cir. 1981), recognized that it is the obligation of defense counsel to inquire, at the earliest

stages of a criminal case, into the existence of any confidential source of information:

> In such circumstances, the appropriate procedure is for the defendant to file a specific pre-trial motion requesting disclosure. If the confidential informant's identity was so crucial to the [defendant's] defense as she contends on appeal, we are unable to understand why she was not more diligent in seeking disclosure.

Id. at 586.

3. Only after disclosure of the existence of a confidential source can the Defendant even attempt to explore the role of that source in this case and determine the existence of factors which would justify disclosure of the informant's identify. Eg., United States v. Ayala, 643 F.2d 244 (5th Cir. 1981) (balancing test applied to determine if disclosure of identity and production of informant is mandated).

Based on the foregoing, the Defendant respectfully requests that this Honorable Court require the government to disclose the existence of any confidential source of information utilized in the investigation of this case and apprehension of the Defendant.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by e-mail/electronic filing to AUSA Jennifer A. Keene at Jennifer.Keene@USDOJ.gov at the U.S. Attorney's Office, on this 19th day of August, 2008.

_s/ Michael D. Gelety_____
MICHAEL D. GELETY, ESQ.
1209 SE 3rd Avenue
Ft. Lauderdale, FL 33316
(954) 462-4600
(954) 462-0828 Fax
Florida Bar #215473

mgeletyattorney@bellsouth.net